UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-21843

**GINETTE LUXAMA**,

    *Plaintiff*,

vs.

**CITY OF MIAMI BEACH**, a municipality governed under the laws of the State of Florida,

    *Defendant*.

_____/

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

Plaintiff GINETTE LUXAMA, through her undersigned counsel, sues Defendant CITY OF MIAMI BEACH, a municipality governed under the laws of the State of Florida, for damages, and in support thereof alleges as follows:

**JURISDICTION AND VENUE**

1.    This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("**Title VII**") and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, *et seq.*, as amended ("**FCRA**"). Plaintiff suffered as a result of being exposed to sex/gender discrimination, sexual harassment, sexual assault, hostile work environment, and wrongful termination.

2.    This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because this action involves federal questions. The Court also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367. As further set forth below, this is an action with claims of sex discrimination and unlawful retaliation under

federal and state law.

3. Plaintiff GINETTE LUXAMA is a resident of Miami-Dade County, Florida, and is competent to bring this action.

4. Defendant CITY OF MIAMI BEACH is a municipality governed under the laws of the State of Florida, and is *sui juris.*

5. Venue in the Southern District of Florida is proper because the workplace in which the unlawful practices were committed is located in the Southern District of Florida.

6. All conditions precedent to bringing this action, if any, have occurred, have been waived, or would be a useless act and are accordingly waived.

7. Plaintiff is entitled to recover reasonable attorneys' fees and costs from the Defendant, including but not limited to the provisions set forth in the FCRA and Title VII.

8. Plaintiff has retained the undersigned law firm to represent her in this action, and has agreed to pay a reasonable fee.

**GENERAL ALLEGATIONS**

9. Plaintiff GINETTE LUXAMA brings this action against the CITY OF MIAMI BEACH for sex discrimination in the workplace in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, *et seq.*, as amended.

10. GINETTE LUXAMA was employed as a financial analyst for the CITY OF MIAMI BEACH until she was unlawfully terminated by the CITY OF MIAMI BEACH on or about May 1, 2019.

11. Ms. Williams has a history of sexually harassing Plaintiff, as well as demeaning and harassing her.

12. On Mother's Day 2017, Ms. Williams sent Plaintiff a message stating "IT'S LIKE MY MOM ALWAYS SAID … 'What the fuck is wrong with you?'":



13. Another instance where Ms. Williams' sexually harassing comments were confirmed in writing stems from a March 2018 conversation in the office, in which Ms. Williams referred to Plaintiff's body as "Secretariat." Ms. Williams knew Plaintiff was offended by her comments and proceeded to text Plaintiff on a weekend about the exchange:



14. On or about May 29, 2018, Ms. Williams sent a text message to Plaintiff that contained a photograph of Plaintiff that Plaintiff had posted to her social media account in October 2014, along with an accompanying statement by Ms. Williams that Plaintiff is "hot stuff.":



15. During that same text conversation, Ms. Williams also inappropriately indicated that the dress from that photo, "probably fits even better," and added a winking emoji with a tongue hanging out:



16. Moreover, in the weeks and months leading up to her termination, GINETTE LUXAMA was subjected to unwelcome sexual harassment. This sexual harassment adversely affected Plaintiff's employment, performance, and created an intimidating, hostile, and/or offensive work environment for her. The sexual harassment mostly came from Plaintiff's direct supervisor, Ms. Allison Williams.

17. Ms. Williams would regularly make unwelcome sexually harassing comments and other conduct of a sexual nature, including, but not limited to, the following:

    a. Touching Plaintiff's buttocks;

    b. Adjusting Plaintiff's dresses and outfits, including adjusting areas of clothing covering Plaintiff's breasts and buttocks;

    c. Instructing Plaintiff that she is never to bend over in the workplace – even to pick up any item she may have dropped – because Plaintiff's body is sexually arousing and harassing to other employees;

    d. Instructing Plaintiff that she is never to stand alone next to employees because Plaintiff's body is sexually arousing and harassing to other employees; and

  e. Making sexually harassing and discriminatory statements to Plaintiff such as:

    i. "You are a walking sexual harassment case."

    ii. "Your ass is the devil."

    iii. "You look like a call girl."

    iv. "You must have been a stripper."

    v. "You have too much ass."

    vi. If I looked like you, I would not work. I would just let a man fuck me and suck his dick."

18. Ms. Allison Williams also threatened Plaintiff to her face by exclaiming, "I will fire your ass and the City of Miami Beach has lawyers to make sure you will not win any suit against the City. No one will believe you because I have made a file on you."

19. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and Florida Commission on Human Relations. The EEOC issued Plaintiff a Right to Sue notice on February 26, 2020.

**COUNT I**

**SEX DISCRIMINATION IN VIOLATION OF
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

20. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 19 as if fully set forth herein.

21. Plaintiff belongs to a protected class, as she is a woman.

22. Defendant unlawfully discriminated against Plaintiff by treating her unfavorably and/or less favorably because of her sex; including by harassing the Plaintiff, sexually and otherwise; making sexually inappropriate and demeaning statements to and about the Plaintiff; and inappropriately touching the Plaintiff in a sexual manner, among other things.

23. Plaintiff suffered as a result of being exposed to sex/gender discrimination, sexual harassment, sexual assault, hostile work environment, and wrongful termination.

24. Defendant treated similarly situated, male employees more favorably than Plaintiff.

25. Defendant had no legitimate business reason for their discriminatory behaviors and actions against Plaintiff.

26. Defendant had no legitimate business reason for taking adverse actions against Plaintiff.

27. Alternatively, if Defendant did have any legitimate business reason(s) to take any of the aforementioned adverse actions against Plaintiff, then discrimination was at least an additional reason for the aforementioned adverse actions against Plaintiff, and Defendant, at best, possessed mixed motives.

28. In discriminating against Plaintiff, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

29. As a result of the Defendant's unlawful discrimination, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff GINETTE LUXAMA demands judgment against Defendant CITY OF MIAMI BEACH for all allowable remedies (equitable and/or at law) pursuant to Title VII of the Civil Rights Act of 1964, all allowable compensatory damages, liquidated damages, damages for emotional distress, mental anguish, and loss of dignity; and punitive damages; attorneys' fees; taxable costs allowable by law; prejudgment and post-judgment interest; and such other and further relief as this Court deems just and proper.

> **COUNT II**
>
> **SEX DISCRIMINATION IN VIOLATION OF THE
> FLORIDA CIVIL RIGHTS ACT OF 1992**

30. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 19 as if fully set forth herein

31. Plaintiff belongs to a protected class, as she is a woman.

32. Defendant unlawfully discriminated against Plaintiff by treating her unfavorably and/or less favorably because of her sex; including by harassing the Plaintiff, sexually and otherwise; making sexually inappropriate and demeaning statements to and about the Plaintiff; and inappropriately touching the Plaintiff in a sexual manner, among other things.

33. Plaintiff suffered as a result of being exposed to sex/gender discrimination, sexual harassment, sexual assault, hostile work environment, and wrongful termination.

34. Defendant treated similarly situated, male employees more favorably than Plaintiff.

35. Defendant had no legitimate business reason for their discriminatory behaviors and actions against Plaintiff.

36. Defendant had no legitimate business reason for taking adverse actions against Plaintiff.

37. Alternatively, if Defendant did have any legitimate business reason(s) to take any of the aforementioned adverse actions against Plaintiff, then discrimination was at least an additional reason for the aforementioned adverse actions against Plaintiff, and Defendant, at best, possessed mixed motives.

38. In discriminating against Plaintiff, Defendant acted with malice and reckless disregard for Plaintiff's statutorily protected rights.

39. As a result of the Defendant's unlawful discrimination, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff GINETTE LUXAMA demands judgment against Defendant CITY OF MIAMI BEACH for all allowable remedies (equitable and/or at law) pursuant to the Florida Civil Rights Act of 1992, all allowable compensatory damages, liquidated damages, damages for emotional distress, mental anguish, and loss of dignity; and punitive damages; attorneys' fees; taxable costs allowable by law; prejudgment and post-judgment interest; and such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

40. Plaintiff demands a trial by jury for all issues so triable.

                Respectfully submitted,

                **THE BURTON FIRM, P.A.**
                *Counsel for Plaintiff Ginette Luxama*
                2875 N.E. 191 Street, Suite 403
                Miami, Florida 33180
                P: 305-705-0888 | F: 305-705-0008
                pleadings@theburtonfirm.com
                rb@theburtonfirm.com
                mburton@theburtonfirm.com

By: /s/ Marc A. Burton
     Richard J. Burton     Fla. Bar No. 179337
     Marc A. Burton       Fla. Bar No. 95318