UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 20-21843-CIV-MGC

GINETTE LUXAMA,

    Plaintiff,

vs.

CITY OF MIAMI BEACH,

    Defendant.

_____/

**DEFENDANT CITY OF MIAMI BEACH'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S
COMPLAINT AND ACCOMPANYING MEMORANDUM OF LAW**

Defendant City of Miami Beach ("the City") replies in support of its Motion to Dismiss Plaintiff Ginette Luxama's ("Plaintiff" or "Luxama") Complaint (ECF No. 1)("C.") for failure to state a cause of action (ECF No. 11)("M.") for sex discrimination under either Title VII of the Civil Rights Act of 1964 ("Title VII")(Count I) or the Florida Civil Rights Act ("FCRA")(Count II).

**MEMORANDUM OF LAW**

**I.    Plaintiff has not adequately alleged termination due to sex discrimination.**

Contrary to Plaintiff argument in her Response to the City's Motion to Dismiss (ECF No. 13)("R."), she has not sufficiently alleged any facts that would support a claim for sex discrimination arising out of her termination. The City cited caselaw in its Motion standing for the well-known proposition that, in order to state a prima facie case of discrimination arising from termination, Plaintiff must allege that she was replaced by someone from outside her protected class. *See* M. n.3, citing *Williams v. AT&T Mobility*

*Servs. LLC,* 847 F.3d 384, 395 (6th Cir. 2017); *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1185 (11th Cir. 1984).

In response, Plaintiff points to less typical ways to show discriminatory termination, such as that the position remained open after she was terminated or that similarly situated men were treated more favorably than her in that men were not terminated for the same conduct. R. pp. 8-10. These are accurate statements of the law, but the problem for Plaintiff is that she has not alleged either of these alternative theories in her Complaint. Plaintiff does not allege, even in conclusory fashion, that her position remained open after her termination. She certainly does not allege any facts that would support this theory. Similarly, though Plaintiff does allege in a wholly conclusory fashion that similarly situated men were treated more favorably than Plaintiff (C. ¶ 24), she does not allege a single fact that would support this theory.

Plaintiff cites caselaw stating that "the purpose of Rule 8(a)(2)'s pleading requirements is to ensure [only] that defendants receive fair notice of what the claim is and on what grounds it is made." *See Palm Beach Golf Center–Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1260 (11th Cir. 2015). However, Plaintiff has not even met this minimal pleading requirement. Although Plaintiff stakes her claim on the bare allegation that similarly situated men were treated more favorably than her, she offers neither any clue as to which similarly situated men were treated better nor how these putatively favored men were treated better. Were men allowed to keep their jobs when they failed to perform their job duties and Plaintiff was not? Plaintiff does not even allege why she was (according to the City) terminated, let alone allege any facts regarding any men treated better under similar facts. Or, as we argued in our Motion, was the different

treatment she may have meant that men were allowed to wear clothing to work that needed to be adjusted to cover the breasts and buttocks and to bend over at work, exacerbating the problem, where the Plaintiff was not? That possible explanation cannot save Plaintiff here because she does not allege that she was terminated for wearing clothing to work that may have been inappropriate for the workplace. The City and the Court are simply left to guess and to fill in this blank from the void of Plaintiff's Complaint, which is precisely the type of pleading that the U.S. Supreme Court firmly rejected in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

In sum, Plaintiff has not alleged any facts to support a claim that she was replaced by a man following her termination, that her position remained open and unfilled following her termination, that men were not terminated for similar incompetence for which Plaintiff was terminated, or, indeed, any fact that would support any theory that she was terminated based upon her gender.

**II.     Plaintiff has not alleged unlawful harassment based upon her sex.**

As set forth in the City's Motion, Plaintiff can allege actionable same-sex sexual harassment based on one of three theories: (1) the alleged perpetrator's behavior is motivated by actual homosexual desire for the plaintiff (such as where a homosexual supervisor is attracted to a same-sex subordinate and makes unwanted sexual propositions and comments); (2) "the harassment is framed in such sex-specific and derogatory terms .

3

. . as to make it clear that the harasser is motivated by general hostility toward members of the same [sex] in the workplace" (such as where a female supervisor communicates that women should not be employed in certain positions within the company because they are women); or (3) where the plaintiff offers "direct comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace" (such as where evidence exists that a male supervisor consistently treated men worse than women). Whatever evidentiary route the plaintiff chooses to follow, he or she must always prove that the conduct at issue was not merely tinged with offensive sexual connotations but actually constituted "discrimination . . . . because of . . . sex." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80-81 (1998).

Plaintiff confirmed in her Response that she is proceeding on the third theory: that Allison Williams treated men in the workplace more favorably than women. R. p. 6. Just as importantly, Plaintiff does not allege that Allison Williams is a homosexual or was propositioning Plaintiff for sex, or that William's alleged comments were "motivated by a general hostility toward members of the same [sex] in the workplace." *Id*. Her strategy has a few separate and important consequences.

First, Plaintiff's argument that the recent U.S. Supreme Court decision in *Bostock v. Clayton County, Ga.*, 17-1618, --- U.S. ---, --- S.Ct. ---, 2020 WL 3146686 (U.S. June 15, 2020), holding that Title VII protects gay and transgender employees from discrimination and harassment in the workplace, somehow changes this analysis, is wrong. Plaintiff does not allege that she is gay or transgender, so that decision has no applicability to a case like this where two heterosexual women are alleged to be the harasser and the victim.

4

Second, though the Plaintiff takes umbrage at the City's harassment argument, going so far as to call it "slut shaming," the Plaintiff's outrage makes no sense. The City merely cut and pasted the allegations of Plaintiff's Complaint and framed them in a fashion that is the only one the Complaint allows: Plaintiff wore clothing that did not cover her breasts and buttocks, she bent over in the workplace in a sexually suggestive way, and Allison Williams made comments about it and adjusted Plaintiff's clothes so that they covered her breast and buttocks. C. 17. In the absence of any facts to suggest that men were treated differently, this is not sexual harassment – it is prevention of sexual harassment by the Plaintiff and the execution of a supervisor's duty to do so. 29 C.F.R. § 1604.11(d).

Moreover, none of the partial text messages that were attached to Plaintiff's Complaint can support a claim for actionable harassment because, when the full version is reviewed, it is clear that none of the messages treat men more favorably than women, none of them were objectively or subjectively hostile, and none of them were unwelcome to Plaintiff.[1]

Plaintiff argues that because some of the messages were complimentary that this somehow calls into question Ms. Williams motives in allegedly verbally commenting on Plaintiff's inappropriate dress or allegedly "[a]djusting Plaintiff's dresses and outfits, including adjusting areas of clothing covering Plaintiff's breasts and buttocks." C. 17(b). However, in the absence of any allegation that Ms. Williams was a lesbian or

---

[1] Plaintiff demonstrates a remarkable level of chutzpah when she faults the City for attaching the complete individual text message chain between Plaintiff and Ms. Williams. R. 12-14. Plaintiff shamelessly attached incomplete and out-of-context text conversations that gave a completely inaccurate picture of the texts' content and meaning. There is no reason at all that the Court should not consider the full content of the messages, as argued in the City's Motion, when the Plaintiff attached an inaccurate and incomplete version to her Complaint. If the Court agrees with Plaintiff that it should not consider the full nonremarkable nine year text history between Plaintiff and Williams, it may at least consider the full version of the texts reproduced in Plaintiff's Complaint. That is all that is necessary to support the City's argument.

propositioning Plaintiff for homosexual sex, and in the absence of any factual allegation demonstrating hostility to women in the workplace or facts demonstrating more permissive treatment of men in the workplace, Ms. Williams' friendly texts to Plaintiff are nothing more than what they appear to be: one friend complimenting another.

The remaining comments allegedly made by Ms. Williams that Plaintiff points to as "damning conduct" in an attempt to conjure up an actionable claim fail to do so. For instance, Plaintiff alleges a few isolated comments and jokes that might be relevant in an opposite-sex harassment case or a case involving lesbian sexual propositions, but that are entirely irrelevant in the posture of Plaintiff's claim that Williams treated men better than women. Not all workplace conduct of a harassing nature is actionable under Title VII. *Oncale*, 523 U.S. at 75 (Title VII is not intended to be a "general civility code"). The sparsity of the number of comments also defeats a claim based upon them. For instance, Plaintiff alleged that her Williams stated, "[i]f I looked like you, I would not work. I would just let a man fuck me and suck his dick." C. 17(e)(v). If true, that comment may be rude and obnoxious, but one (or a few) isolated off-color joke(s) is not actionable under Title VII or the Florida Civil Rights Act. This is especially true when the joke is between two heterosexual women. Simple teasing, offhand comments and isolated incidents do not rise to the level of actionable discrimination. *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998).

Finally, Plaintiff's allegation that Williams informed Plaintiff that she would lose any lawsuit she brought because Williams had been keeping records (presumably of Plaintiff's shortcomings) is not gender discriminatory at all. The alleged comment is simply a statement of fact, apparently made in response to Plaintiff's threat to bring this baseless

lawsuit.

## CONCLUSION

Plaintiff is trying to fit a square peg into a round hole in her attempt to construct a viable cause of action under Title VII or the FCRA, where none exists. The motion to dismiss should be granted.

                                            RAUL J. AGUILA, CITY ATTORNEY
                                            CITY OF MIAMI BEACH
                                            1700 CONVENTION CENTER DRIVE
                                            4TH FLOOR-LEGAL DEPARTMENT
                                            MIAMI BEACH, FLORIDA 33139
                                            TEL: (305) 673-7470
                                            FAX: (305) 673-7002
                                            Robertrosenwald@miamibeachfl.gov

                                            BY: /s/ Robert F. Rosenwald, Jr.
                                            ROBERT F. ROSENWALD, JR.
                                            First Assistant City Attorney
                                            FL BAR NO. 0190039